IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02280-GPG

JEFFREY BARNES,

    Plaintiff,

v.

CITY OF LAKEWOOD, COLORADO,
AGENT OKAMURA,
CHAD RYAN MARTINEZ,
AGENT JOHNSON,
LEONARD (1821),
STEPHEN CHRISTOPHER CARRIGAN,
SCOTT STEPHENS,
SEIPLE 1995,
AM HARRIS (1953),
F. ROACHO (2009),
SHAWN REITH, and
AGENT BAREFOOT,

    Defendants.

_____

ORDER OF DISMISSAL

_____

        Plaintiff, Jeffrey Barnes, initiated this action by filing *pro se* a Complaint (ECF No.

1) against the City of Lakewood, Colorado.   Mr. Barnes claimed in the Complaint that his

rights were violated by Officer Carrigan of the City of Lakewood Police Department on

November 18, 2014.   On October 16, 2015, Magistrate Judge Gordon P. Gallagher

ordered Mr. Barnes to file an amended complaint that clarifies the claims he is asserting.

Magistrate Judge Gallagher specifically determined the Complaint did not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr.

Barnes failed to provide a short and plain statement of his claims showing he is entitled to

relief.   Magistrate Judge Gallagher warned Mr. Barnes that, if he failed to file an amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.

On November 10, 2015, Mr. Barnes filed an amended Complaint (ECF No. 7) against the City of Lakewood and eleven individual police officers claiming his rights were violated in ten different incidents or encounters involving officers or agents of the City of Lakewood Police Department.   Mr. Barnes did not provide addresses for any Defendant other than the City of Lakewood and he failed to allege specific facts in support of any of his claims in the amended Complaint.   Instead, he merely attached to the amended Complaint a number of police reports and other documents that apparently relate to the various incidents and encounters giving rise to his claims.

On November 20, 2015, Magistrate Judge Gallagher entered an order giving Mr. Barnes one more opportunity to file a pleading in this action that complies with the pleading requirements of Rule 8.   Magistrate Judge Gallagher reiterated the pleading requirements imposed by Rule 8 and he advised Mr. Barnes that the Court cannot construct arguments or claims for a *pro se* litigant.   Magistrate Judge Gallagher warned Mr. Barnes that, if he failed to file a second amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.   On December 9, 2015, Mr. Barnes filed a second amended Complaint (ECF No. 10).

The Court must construe the second amended Complaint liberally because Mr. Barnes is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court

should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the

reasons discussed below, the action will be dismissed.

    The twin purposes of a pleading are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the Court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*,

891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*,

492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action harmed

him or her; and, what specific legal right the plaintiff believes the defendant violated.").

    The requirements of Rule 8 are designed to meet these purposes.   *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . .

. (2) a short and plain statement of the claim showing that the pleader is entitled to relief;

and (3) a demand for the relief sought."   Furthermore, the philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise,

and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.   As a result, prolix, vague, or

unintelligible pleadings violate the requirements of Rule 8.

    Despite the specific instructions provided by Magistrate Judge Gallagher in two

separate orders, Mr. Barnes has failed to file a pleading in this action that provides a short and plain statement of the claims he is asserting.   Instead, the second amended complaint, like the first amended complaint, merely lists a number of constitutional and state law claims without identifying which Defendant or Defendants each claim is asserted against or what specific facts support each claim.   As a result, Mr. Barnes fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935 F.2d at 1110.

The action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.   The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full

$505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P.

24.   Accordingly, it is

    ORDERED that the Complaint (ECF No. 1), the amended Complaint (ECF No. 7),

the second amended Complaint (ECF No. 10), and the action are dismissed without

prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr.

Barnes has failed to file a pleading that complies with the pleading requirements of the

Federal Rules of Civil Procedure.   It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.

    DATED at Denver, Colorado, this ___7^th___ day of ___January___, 2016.

                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        LEWIS T. BABCOCK, Senior Judge
                                        United States District Court